WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

No. CV-16-03213-PHX-ESW

Lee Kent Hempfling, et al.,

**ORDER**

Plaintiffs,

v.

M Lando Voyles, et al.,

Defendants.

The Court has reviewed the Motion to Dismiss (Doc. 14) filed by Defendants Hon. Boyd T. Johnson and Arizona Attorney General Mark Brnovich (the "State Defendants"), Plaintiffs' Response (Doc. 16), and Defendants' Reply (Doc. 21). For the reasons set forth herein, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' Complaint (Doc. 1). The State Defendants' Motion to Dismiss (Doc. 14) will be granted. The remaining pending Motions (Docs. 2, 11) will be denied as moot.

## I. DISCUSSION

### A. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court is obligated to determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16).

"A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)) (emphasis in original). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined" and the action is properly dismissed under the *Rooker-Feldman* doctrine. *Doe & Assocs.*, 252 F.3d at 1030. In addition, "[i]f the injury alleged resulted from the state court judgment itself, *Rooker–Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi*, 334 F.3d at 900; *see also GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) (holding that *Rooker-Feldman* barred the action "because the plaintiffs' injury stemmed from the state judgment—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.").

To summarize, under the *Rooker–Feldman* doctrine, a plaintiff may not initiate a

federal district court action that: (i) directly challenges a state court holding or decision; or (ii) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's actions were unconstitutional. *See Feldman*, 460 U.S. at 486. Only the Supreme Court may entertain a direct appeal from a state court judgment. *Id.*

**B. Analysis**

In 2011, Plaintiffs filed an action in Pinal County Superior Court (Case No. 1100-CV-201102200). (Doc. 2 at 7). In a March 27, 2012 Order, the Pinal County Superior Court issued judgment in favor of the defendants in that case.[1] (Doc. 14 at 39-40). On August 16, 2013, Plaintiffs filed a Motion to Vacate the judgment, which the Superior Court denied on August 22, 2013. (*Id.* at 42-49). The Arizona Court of Appeals declined to accept jurisdiction of Plaintiffs' appeal of the Superior Court's ruling. (*Id.* at 53). The Arizona Supreme Court denied Plaintiffs' Petition for Review. (*Id.* at 51). On March 10, 2014, the Arizona Court of Appeals issued its mandate. (*Id.*). In a Notice/Order dated March 25, 2014 and filed on March 27, 2014, the Superior Court stated: "The Court of Appeals having issued its Mandate denying special action jurisdiction, IT IS ORDERED closing this case and all future hearings are vacated." (*Id.* at 58).

On September 21, 2016, Plaintiff filed a "Complaint and Request for Permanent Preventive Injunction and Summary Judgment" (Doc. 1). The Complaint is brought "pursuant to 42 U.S.C. § 1983 for deprivation of 14th Amendment rights to procedural due process . . . . against judicial officers[.]" (Doc. 1 at 5). The named defendants are: (i) Lando Voyles, Pinal County Attorney; (ii) Boyd T. Johnson, retired Pinal County

---

[1] Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Superior Court judge; (iii) Bradley M. Soos, Pinal County Superior Court judge pro tem; (iv) Mark Brnovich, Arizona Attorney General; and (v) Loretta Lynch, former United States Attorney General. (*Id.* at 2-3). On October 31, 2016, Plaintiffs voluntarily dismissed without prejudice Defendants Lynch and Soos. (Doc. 5). On January 12, 2017, the Clerk of Court docketed a letter from Plaintiffs indicating that "[t]he successor to M. Lando Voyles as County Attorney for Pinal County is Kent Volkmer." (Doc. 23).

In the Complaint, Plaintiffs state that the "March 25, 2014 court order prohibiting any future hearings precludes asking that court for any reopening of the case or request that Rule 62 to followed [sic] properly." (Doc. 1 at 7). Plaintiffs contend that the "combination of closed and vacated hearings, denies procedural due process to the Plaintiffs." (*Id.* at 6). Plaintiffs request the Court to issue a "permanent injunction ordering the Defendants to stop violating the Plaintiffs' 14th Amendment rights of procedural Due Process by issuing the existing adjudication and final order of the case without delay." (*Id.* at 8).

The Court finds that Plaintiffs' Complaint is, in effect, an appeal from the Pinal County Superior Court's March 2014 order "closing" the case and vacating "all future hearings." (Doc. 14 at 58). The Court further finds that it cannot grant the relief Plaintiffs seek without "undoing" the state court's decision. *Bianchi*, 334 F.3d at 900 (explaining that "[w]here the only redress [sought is] an undoing of the prior state court judgment," subject matter jurisdiction is "clearly barred under *Rooker–Feldman*."). Like in *Bianchi*, it is immaterial that Plaintiffs frame their federal Complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions. *See id.* at 900 n.4 (under the *Rooker-Feldman* doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions").

The *Rooker-Feldman* doctrine requires this case be dismissed without prejudice. *Id.* at 900, 902 ("The integrity of the judicial process depends on federal courts respecting final state court judgments and rebuffing de facto appeals of those judgments to federal

court."); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). Because the Court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court does not address the State Defendants' other arguments in their Motion to Dismiss (Doc. 14). The Court will deny as moot the relief requested in Plaintiffs' September 21, 2016 filing (Doc. 2). The Court will also deny as moot Defendant Voyles' Motion to Dismiss (Doc. 11) for failure to state a claim. *See Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) (stating that "[a] federal court cannot assume subject-matter jurisdiction to reach the merits of a case" and explaining that where a district court determines that it does not have subject matter jurisdiction, "it is not possible for the district court" to have dismissed alternatively for failure to state a claim); *Herrera-Castanola v. Holder*, 528 F. App'x 721, 722 (9th Cir. 2013) ("Because we must address whether the district court 'ha[d] jurisdiction before [we] can decide whether a complaint states a claim,' *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011), we first consider whether the district court properly concluded that it lacked subject-matter jurisdiction.") (alteration in original).

## II. CONCLUSION

**IT IS ORDERED** granting the "State Defendants' Motion to Dismiss" (Doc. 14).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**IT IS FURTHER ORDERED** denying the relief requested in Plaintiffs' September 21, 2016 filing (Doc. 2).

**IT IS FURTHER ORDERED** denying as moot Defendant Voyles' Motion to Dismiss (Doc. 11) for failure to state a claim.

Dated this 11th day of April, 2017.

Eileen S. Willett
United States Magistrate Judge